UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL PAUL BLASSINGAME,

    Plaintiff,

    v.                              CAUSE NO. 3:20-CV-164-RLM-MGG

CALLAHAN, et al.,

    Defendants.

## OPINION AND ORDER

Michael Paul Blassingame, a prisoner without a lawyer, filed this lawsuit against three defendants alleging they used excessive force against him on December 14, 2019. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Blassingame says he could have filed a grievance, but did not do so because "I felt if I grieved this issue I'd be worried about retaliation from staff." "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison officials may not take unfair advantage of the exhaustion

requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Mr. Blassingame hasn't identified any affirmative misconduct on the part of jail officials that prevented him from filing a grievance. He only speculates he might have suffered retaliation. His feeling that he would worry about retaliation isn't a basis for refusing to file a grievance. "[H]e had to give the system a chance." Flournoy v. Schomig, 152 F. App'x 535, 538 (7th Cir. 2005); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." Early v. Bankers Life and Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). That's the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d at 535. In this complaint, Mr. Blassingame agrees that he didn't exhaust his administrative remedies before filing suit.

It's possible he might have some reason other than his personal feelings and worries that would justify his refusal to file a grievance. If he has such

2

additional facts, he may file an amended complaint. *See* Luevano v. WalMart Stores, Inc., 722 F.3d 1014 (7th Cir. 2013). If he has no additional facts, it would be futile for him to file an amended complaint.

For these reasons, the court GRANTS Michael Paul Blassingame until **March 25, 2020**, to file an amended complaint containing additional facts. If Mr. Blassingame doesn't respond by the deadline, this case will be dismissed without prejudice and without further notice because he has not exhausted his administrative remedies before filing this lawsuit.

SO ORDERED on March 3, 2020.

                                                    s/ Robert L. Miller, Jr.  
                                                  JUDGE  
                                                  UNITED STATES DISTRICT COURT